IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 5:16-CR-244 (GTS) |
| v. | |
| MICHAEL CARAHER, | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

The United States of America, by and through its counsel of record, the United States Attorney for the Northern District of New York, hereby files its sentencing memorandum requesting that the Court impose a sentence within the applicable United States Sentencing Guidelines (the "Guidelines") range, taking into account the 5-year minimum term of imprisonment that the Court must impose.

## I.
## INTRODUCTION

On October 6, 2017, pursuant to a Conditional Plea Agreement, the defendant Michael Caraher entered a guilty plea to one count of distribution of child pornography (Count 1) in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)((1); three counts of receipt of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)((1)(Counts 2-4) and four counts of possession of child pornography (counts 5-8) in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). The defendant is scheduled to be sentenced on February 16, 2018 in Syracuse, New York.

1

## II.
## APPLICABLE STATUTORY AND GUIDELINES PROVISIONS

1) **Statutory Sentencing Provisions**

The defendant is punishable as follows on Counts One through Four: imprisonment of at least five years and up to twenty years, per count (18 U.S.C. § 2252A(b)(1)); fine of up to $250,000 (18 U.S.C. § 3571(b)); and supervised release of at least five years and up to life (18 U.S.C. § 3583(k)).

The defendant is punishable as follows on Counts Five through Eight: imprisonment of up to twenty years (18 U.S.C. § 2252A(b)(2)); fine of up to $250,000 (18 U.S.C. § 3571(b)); and supervised release of at least five years and up to life (18 U.S.C. § 3583(k)).

2) **Forfeiture**

In addition to the above, the defendant shall forfeit to the United States his right, title and interest of any nature in any and all assets that are subject to forfeiture, as set forth in the Forfeiture Allegation of the Indictment, pursuant to 18 U.S.C. § 2253. These items include:

    a.     one Motorola Moto cellular telephone model no. XT1540, IMEI no. 358977061972730, serial no. ZY222W7VLR;

    b.     one homemade desktop computer, serial no. 1313RTL0978011253 with Western Digital 1TB external hard drive;

    c.     one Lenovo X230 ThinkPad serial no. R9-PW1B8;

    d.     one SanDisk 16GB SD card;

    e.     one Kingston 64GB solid state hard drive model no. SNV425S264GB, serial no. 07MA20033645;

    f.     one Orico external hard drive serial no. W0Q4FTEG; and

    g.    one Samsung 120GB solid state drive model no. 840 EVO, serial no. S1D5NSADB31690H.

**3) Restitution**

To the extent that the victims depicted in the image and video files involved in the defendant's offenses request restitution, they are entitled to recover from him "an amount that comports with the defendant's relative role in the causal process that underlies the victims' general losses," which shall be a "reasonable and circumscribed award imposed in recognition of the indisputable role of the [defendant] in the causal process underlying the victim[s'] losses and suited to the relative size of that causal role." *Paroline v. United States*, 527 U.S.__, 134. S.Ct. 1710, 1727 (2014). Moreover, pursuant to his plea agreement, the defendant consented to restitution pursuant to 18 U.S.C. § 2259(b).

**4) Special Assessments**

For Counts 1 through 8, a special assessment of $100 is mandatory, for a total of $800. 18 U.S.C. § 3013. The defendant is also subject to the provisions of the Justice for Victims of Trafficking Act (JVTA) of 2015. In addition to the assessment imposed under section 3013, the court shall assess an amount of $5,000, per count, on any non-indigent person or entity convicted of an offense under 18 U.S.C. Chapters 77, 109A, 110, 117; or Section 274 of the Immigration and Nationality Act (8 U.S.C. § 1324). (18 U.S.C. § 3014.)

**5) Guidelines Provisions**

    **a. Plea Agreement**

Pursuant to paragraph 6 of the Conditional Plea Agreement filed in this matter, the parties have entered into the following sentencing stipulations:

    a)    That the base offense level is 22, pursuant to U.S.S.G. § 2G2.2(a)(2).

b) That the defendant's conduct was *not* limited to the receipt or solicitation of material involving the sexual exploitation of a minor, and as the defendant did distribute such material, U.S.S.G. § 2G2.2(b)(1) does not apply.

c) That the offenses involved prepubescent minors, resulting in a 2-level increase, pursuant to U.S.S.G. § 2G2.2(b)(2).

d) That the defendant knowingly distributed images and videos of child pornography for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain, resulting in a 5-level increase, pursuant to U.S.S.G. § 2G2.2(b)(3)(C).

e) That the offenses involved material that portrays sadistic or masochistic conduct, resulting in a 4-level increase, pursuant to U.S.S.G. § 2G2.2(b)(4)(A).

f) That the offenses involved the use of a computer for the possession, transmission, receipt or distribution of the images and videos of child pornography, resulting in a 2-level increase, pursuant to U.S.S.G. § 2G2.2(b)(6).

g) That the offense involved 600 or more images of child pornography, resulting in a 5-level increase, pursuant to U.S.S.G. § 2G2.2(b)(7) and cmt. N. 4(B)(ii)

Pursuant to the Conditional Plea Agreement, the government will recommend:

a) A 2-level downward adjustment to the applicable federal sentencing guidelines offense level pursuant to U.S.S.G. §3E1.1(a) if, (i) through the time of sentencing, the government is convinced that the defendant has demonstrated "acceptance of responsibility" for the offense(s) to which the defendant is pleading guilty; and (ii) the government does not determine that the defendant, after signing this agreement, committed any other federal, state, or local crimes, or engaged in conduct that constitutes "obstruction of justice," as defined in U.S.S.G. §3C1.1.

  b)  A 1-level downward adjustment to the applicable federal sentencing guidelines offense level pursuant to U.S.S.G. §3E1.1(b) if the government is convinced that the defendant has accepted responsibility within the meaning of U.S.S.G. §3E1.1(a) and further assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, and the defendant otherwise qualifies for such adjustment by having a combined offense level of 16 before receipt of any acceptance of responsibility adjustment under U.S.S.G. §3E1.1(a).

  **b.**  **Criminal History Category**

According to the presentence report, the defendant's criminal history category is I. (PSR ¶ 40.) The government agrees with the Probation Office's determination of the defendant's criminal history category.

  **c.**  **Offense Level/Guidelines Calculation**

The government has no objection to the offense level calculation in the PSR, which is in keeping with the sentencing stipulations of the parties, resulting in a total offense level of 37 and a Guidelines range of 210 to 262 months. (PSR ¶¶ 25-38, 57.)

  **d.**  **Supervised Release**

U.S.S.G. §5D1.2(b) (Policy Statement) recommends the statutory maximum term of supervised release should be imposed when the offense of conviction is a sex offense. Here, the defendant's offense of conviction is a sex offense as it is one perpetrated against a minor under

chapter 110 of Title 18, and the maximum and recommended term of supervised release is, accordingly, life. U.S.S.G. §5D1.2, App. Note 1; 18 U.S.C. §3583(k), PSR ¶63.

      e.      **Fine**

The fine range for these offenses is from $40,000 to $400,000, pursuant to U.S.S.G. §5E1.2(c)(3). (PSR ¶ 68.)

### III.
### GOVERNMENT'S SENTENCING RECOMMENDATION

The government respectfully requests that the Court impose a sentence within the applicable advisory Guidelines range. Such a sentence would be sufficient, but not greater than necessary, to comply with the sentencing purposes in 18 U.S.C. § 3553(a). "[I]n the ordinary case, the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'" *Kimbrough v. United States*, 552 U.S. 85, 109 (2007) (quoting *Rita v. United States*, 551 U.S. 338, 350 (2007)). Moreover, within-Guidelines sentences promote Congress's goal in enacting the Sentencing Reform Act "to diminish unwarranted sentencing disparity." *Rita v. United States*, 551 U.S. 338, 354 (2007).

As reflected in the various Guidelines enhancements applicable to this case, there are a number of aggravating factors implicated by the defendant's crimes that merit a lengthy sentence. The defendant maintained a large volume of child pornography – approximately 974 images and 118 videos that were confirmed as previously-trafficked child pornography files based on their National Center for Missing and Exploited Children ("NCMEC")-recognized hash values – across six devices, as well as well as an enormous trove of child erotica comprising over 150,000 images and 200 videos. (PSR ¶ 17.) Such was the volume that the defendant downloaded and transferred certain files to external hard drives for storage, and then organized at least some of them by the names of the children involved. (PSR ¶ 16.)

6

Moreover, the child pornography possessed by the defendant included videos and images depicting the sexual abuse of prepubescent children, including depictions of violence and sadism. *Id.* For example, one of the videos downloaded by the defendant and saved on his homemade desktop computer was titled "Casey Abduction.avi," is approximately 46 minutes-long, and depicts a prepubescent female child, appearing between the ages of 8 and 10 years-old, who is "kidnapped" from her home and then bound and gagged. She is stripped nude by an adult wearing a black cloak, mask and gloves. The child is then vaginally and anally penetrated by the adult using a phallic object. *Id.* The defendant admitted to engaging in this conduct for over a decade and, as noted above, compiled an extensive collection of child pornography which he stored on numerous devices. (PSR ¶¶ 16-17.)

The defendant's determination to obtain child pornography led to his apprehension when the FBI determined that a user at the IP address located in his residence (later determined to be the defendant, by his own admission) had used a specially-enabled browser to access a website devoted to child pornography called "Playpen," which was operated on the anonymous online network known as "the Onion Router" or "TOR," accessed the site by creating a profile, and viewed posts relating to bondage and sadistic sexual practices involving prepubescent minors, including one hosting the "Casey Abduction" video referenced above. (PSR ¶ 14.)

It should be noted that the defendant was not merely a consumer of child pornography; he also exchanged child pornography with approximately 12 like-minded individuals via a peer-to-peer smartphone application in order to obtain material that he was not able to obtain by other means. (PSR ¶¶ 16, 18-19 and 22.) For his part, the defendant has acknowledged that he knew what he was doing was wrong when he did it, but claims that by age 16 he was addicted to child pornography. (PSR ¶ 22.)

For the foregoing reasons, the government requests that the Court impose a sentence within the applicable Guidelines range.[1]

Respectfully submitted this 25th day of January, 2018.

                                                              GRANT C. JAQUITH
                                                              United States Attorney

By: _____
                                                             Emmet J. O'Hanlon
                                                            Assistant United States Attorney
                                                            Bar Roll No. 519779

---

[1] The government reserves the right to respond to defense arguments raised for the first time after the filing of this memorandum. Further, the United States respectfully requests that the Court provide the parties with any *ex parte* communications received by the Court in connection with sentencing, with the exception of the confidential sentencing recommendations submitted by the United States Probation Office.